Johnny Jerome WILLIAMS, Appellant,

v.

The STATE of Texas, State.

Nos. 2–95–223–CR to 2–95–226–CR.

Court of Appeals of Texas,
Fort Worth.

April 3, 1997.

---

J.E. Brownlee, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Betty Marshall and Chuck Mallin, Assistant Chiefs of the Appellate Division , John A. Stride, Assistant Criminal District Attorney, and David Kleckner, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Before CAYCE, C.J., and CAMPBELL, (Sitting by Assigment) and DAY, JJ.

**OPINION**

PER CURIAM.

Appellant Johnny Jerome Williams was convicted by a jury in four cases of aggravated robbery, after a plea of not guilty. The jury assessed punishment in each case at sixty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. The trial court ordered the sentences to run concurrently in accordance with TEX.PENAL CODE ANN. § 3.03 (Vernon Supp. 1997). A timely filed motion for new trial was overruled by operation of law. This appeal followed.

■ In four points of error, appellant lodges the same substantive complaint concerning the trial court's single charge to the jury in each of the four cases herein submitted. For the sake of brevity, we will treat the four points as one, namely: the trial court erred by failing to instruct the jury as to the names of the other parties to the offense as part of its instruction on the law of parties.[1] We disagree and affirm.

Appellant correctly states that timely objection was made to the court's charge concerning this alleged error. *See generally Almanza v. State*, 686 S.W.2d 157 (Tex.Crim. App.1984). At trial, appellant specifically asked the trial court to include the names of appellant's co-actors in the application paragraph of the court's charge. The trial court declined basically on the ground that such an instruction would constitute a comment on the weight of the evidence.

■ Recently, a similar issue was addressed by this court in *Green v. State*, 930 S.W.2d 655 (Tex.App.—Fort Worth 1996, pet. ref'd).[2] In *Green*, this court held:

There is no requirement that the parties to a crime be identified by name in the law of parties charge. So long as the jury can look to the evidence to determine the other party's identity, it is not error to refuse a requested charge that specifically names the party.

*Id.* at 659 (citations omitted); *see also Jones v. State*, 659 S.W.2d 492, 493 (Tex.App.— Fort Worth 1983, no pet.).[3] Appellant's four points of error are overruled.

---

1. The application paragraph in the jury charge on the law of parties was virtually identical in each of the four cases, with the exception of the name of the victim of each respective offense.

2. Although in *Green*, this court observed that Green failed to appropriately brief his complaint concerning this issue, we addressed the issue "in the interest of justice." *See* TEX.R.APP.P. 74(p).

3. Even assuming arguendo that the trial court erred, where the evidence clearly supports a defendant's guilt as a principal actor, any error of the trial court in charging on the law of parties is

The judgments of the trial court are affirmed.

harmless. *Black v. State*, 723 S.W.2d 674, 675 (Tex.Crim.App.1986); *see also Brown v. State*, 716 S.W.2d 939, 946 (Tex.Crim.App.1986); *Tate v. State*, 793 S.W.2d 760, 765–68 (Tex.App.—Fort Worth 1990, pet. ref'd) (finding of harmless error more probable when evidence best supports State's theory that appellant is guilty as primary actor rather than as party). In the instant case, the evidence, either directly or circumstantially, clearly supports appellant's guilt as a principal actor in these four offenses.