

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1263-08

**RODGER EUGENE MANSFIELD, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE FOURTEENTH COURT OF APPEALS**
**HARRIS COUNTY**

**KELLER, P.J., delivered the opinion of the Court in which MEYERS, WOMACK, KEASLER, HERVEY, and HOLCOMB, JJ., joined. JOHNSON, J., filed a concurring opinion in which PRICE and COCHRAN, JJ., joined.**

The trial court refused to allow defense counsel to ask appellant's father if appellant had ever been placed on felony probation. Appellant subsequently took the stand to testify that he had not been placed on felony probation before. He was impeached by the State with evidence of extraneous bad acts, and he was asked whether he accepted the jury verdict of guilt, to which he responded, "No." The jury sentenced him to 20 years. The Court of Appeals rejected appellant's complaint on appeal, holding that the father's proffered testimony was inadmissible due to lack of personal

knowledge.[1]

We granted appellant's petition to address whether the court of appeals's holding was correct, but in its brief on discretionary review, the State points out a wrinkle in the case: Appellant's father testified, without objection, that appellant had never been convicted of a felony. The following occurred:

Q. Sir, how long have you known your son?

A. His whole life.

**Q. Okay. Has your son been convicted of any felonies in this or any other state?**

**A. No.**

Q. Has your son been on felony probation?

[PROSECUTOR]: Objection, Your Honor, outside personal knowledge.

THE COURT: Sustained.

Q. Are you familiar with your son's criminal record?

A. Yes.

Q. Has he received probation, felony probation in this or any other state?

[PROSECUTOR]: Objection, Your Honor, outside personal knowledge.

THE COURT: Sustained.

[DEFENSE COUNSEL]: May we approach the bench?

THE COURT: Yes.

(At the Bench, on the record)

---

[1] *Mansfield v. State*, 2008 WL 2884638, 3-5 (Tex. App.–Houston [14th Dist] July 29)(not designated for publication).

[DEFENSE COUNSEL]: I don't understand why he can't testify, Your Honor.

THE COURT: He doesn't live with him the whole time, he hasn't been with him the whole time.

[DEFENSE COUNSEL]: It goes to the weight, Your Honor, not the credibility.

THE COURT: I sustained the objection.

[DEFENSE COUNSEL]: Yes, sir.

(Open court, defendant and jury present)

Q. Mr. Mansfield, are you asking this jury to put your son on probation?

A. Yes.[2]

The State contends that appellant did not need to testify because his father's testimony "constituted sufficient evidence demonstrating appellant's eligibility for probation pursuant to Article 42.12, Section 4, of the Texas Code of Criminal Procedure." The State argues that Section 4 "does not expressly or implicitly require that a defendant file a sworn motion that he has not previously been placed on community supervision in this or any other state" nor does it require "that a defendant present evidence" to that effect. The State concludes that appellant "had no burden to plead and prove he had not previously been placed on community supervision."

What appellant had to plead and prove was that he had never been convicted of a felony.[3] Caselaw confirms that a conviction in which (regular) probation is granted is still a conviction for this purpose,[4] but that does not mean appellant was required to elicit testimony specifically saying

---

[2] Emphasis added.

[3] *See* TEX. CODE CRIM. PROC. art. 42.12, §4(e); *see also* art. 37.07, §2(b) & art. 42.12, §4(d)(3).

[4] *Ex parte Welch*, 981 S.W.2d 183, 184 (Tex. Crim. App. 1998).

that he had never been on a felony probation. Testimony that he had never been convicted of a felony would suffice to show that.

Appellant points to the Harris County form that he filled out and signed that included check boxes for both having "never been convicted of a felony in this or any other state" and having "never been placed on community supervision for a felony offense in this or any other state." It is not clear that appellant had to use this form. It is, after all, his motion for community supervision. Regardless, use of the form does not mean that, in order to establish eligibility for probation, he had to elicit testimony expressly stating that he had never been on community supervision for a felony offense. The jury charge contained no such requirement. It simply stated that the jury could recommend community supervision if it found "that the defendant has never before been convicted of a felony in this or any other state."

So, appellant did not have to take the stand to establish his probation eligibility. His father had already done so by saying that appellant had never been convicted of a felony.[5] Appellant could have declined to testify and relied solely upon the testimony he had successfully elicited from his father to support the submission of the issue of probation.

The judgment of the court of appeals is affirmed.

Delivered: March 17, 2010
Publish

---

[5] *Trevino v. State*, 577 S.W.2d 242 (Tex. Crim. App. 1979).