Eddie Wayne JOHNSON, III, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–10–00314–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 5, 2011.

Discretionary Review Refused
Oct. 5, 2011.

Mark A. Rubal, Waldron & Schneider, L.L.P., Houston, TX, for Appellant.

Carol M. Cameron, Assistant District Attorney, Patricia R. Lykos, Harris County District Attorney, Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

JANE BLAND, Justice.

A jury convicted Eddie Wayne Johnson III of assault of a household member and a person with whom he had a dating relationship. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2) (West Supp.2010). The jury assessed Johnson's punishment at sixty-three years' confinement after it found two enhancement paragraphs to be true. On appeal, Johnson contends that the trial court abused its discretion by admitting hearsay evidence that Johnson's nieces offered the complainant money if she would drop the charges against him and sign an affidavit of non-prosecution. We affirm.

### Background

Johnson and his girlfriend, Shannon Cook, lived together in an apartment at the time of the assault and had dated intermittently for nine years. In September 2008, Johnson terrorized and brutally struck Cook in the head, face, back, legs, and arms with various objects for over ten hours at the apartment. Cook reported the incident to the South Houston Police Department. At trial, Cook testified that Johnson attempted to persuade her to drop the charges against him. She stated that Johnson's lawyer sent her an affidavit of non-prosecution, and his two nieces had visited her while she was incarcerated on an unrelated drug offense. Over John-son's hearsay objections, Cook further testified that the nieces offered to deposit money in her jail account if she would drop the charges and sign an affidavit of non-prosecution. The relevant testimony is as follows:

PROSECUTOR: Did Eddie Johnson ever try to get you to drop the charges in this case?

COOK: While I was incarcerated his lawyer sent ... an affidavit to me and wanted me to sign the affidavit. And he sent his two nieces up to see me in jail on Easter, last Easter.

PROSECUTOR: Did they offer you anything to drop the charges?

COOK: Well, Tamra told me that—

DEFENSE COUNSEL: Objection to hearsay.

THE COURT: Listen to the question and answer the question.

PROSECUTOR: Just yes or no. Did they offer you anything to drop the charges?

COOK: Yes.

PROSECUTOR: What did they offer you to drop the charges?

DEFENSE COUNSEL: Objection, Your Honor. It would be hearsay.

THE COURT: Overruled.

COOK: They said that they would put money—that they would split my money—I mean, the money they put on his books, they would split it and put it on my books and help me anyway that they could.

Johnson also objected when the State offered the affidavit into evidence. The trial court admitted it. Later during re-cross examination, Cook testified without objection that Johnson's investigator sent her

an affidavit of non-prosecution also while she was incarcerated.

## Discussion

In one issue, Johnson contends that the trial court erred in admitting the testimony concerning the nieces' offer to Cook and the affidavit because both are inadmissible hearsay.

### Standard of Review and Applicable Law

We review the trial court's admission of evidence under an abuse of discretion standard. *Salazar v. State*, 38 S.W.3d 141, 153 (Tex.Crim.App.2001). We will uphold the trial court's decision unless it lies outside the "zone of reasonable disagreement." *Id.* at 153–54.

Hearsay is "a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex.R. Evid. 801(d). An extrajudicial statement or writing that is offered for the purpose of showing what was said, rather than for proving the truth of the matter stated therein, does not constitute hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex.Crim.App.1995); *Ellis v. State*, 99 S.W.3d 783, 788 (Tex.App.-Houston [1st Dist.] 2003, pet. ref'd). In other words, a statement is not hearsay if its relevancy does not hinge on its truthfulness. *Bell v. State*, 877 S.W.2d 21, 24–25 (Tex.App.-Dallas 1994, pet. ref'd) (holding that witness's testimony that individual told witness and defendant that victim had $1100 was not hearsay because State offered testimony to show defendant's motive to kill victim; whether victim actually had money was irrelevant).

### Analysis

Here, Cook testified that the nieces offered her money to drop the charges against Johnson and to sign an affidavit of non-prosecution. The affidavit is relevant not because of the truthfulness of its contents. Rather, the State offered the affidavit to show that Johnson attempted to induce Cook not to testify, and she refused. An attempt to tamper with a witness is evidence of "consciousness of guilt." *Wilson v. State*, 7 S.W.3d 136, 141 (Tex.Crim.App.1999) (holding that defendant, whom witness saw assault another person, made veiled attempt to tamper with witness by referencing witness's father and new baby in later conversation). The affidavit was, therefore, relevant as circumstantial evidence of Johnson's consciousness of his guilt. As such, the evidence was not offered for the truth of the matter asserted, and thus the trial court did not err in admitting it. *See Dinkins*, 894 S.W.2d at 347; *Ellis*, 99 S.W.3d at 788. As to the admission of the nieces' testimony about depositing money into Cook's jail account, it is cumulative of other efforts made by Johnson to persuade Cook not to testify or prosecute. Overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State*, 983 S.W.2d 713, 718 (Tex.Crim.App.1998). Cook testified without objection that Johnson had attempted to persuade her to drop the charges against her, and she produced the affidavit that she received from Johnson's nieces. She testified that Johnson's investigator also had sent her an affidavit of non-prosecution. Thus, any error in the admission of the nieces' statements is harmless because other evidence exists in the record that Johnson attempted to induce Cook to drop the case. *See Leday*, 983 S.W.2d at 718. We hold that Johnson has not shown reversible error in the admission of evidence at trial.

## Conclusion

We hold that the trial court committed no reversible error in the admission of

evidence. We therefore affirm the judgment of the trial court.