ACCEPTED
01-15-00043-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/14/2015 12:00:00 AM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00043-CR

IN THE

FIRST COURT OF APPEALS

OF TEXAS

AT HOUSTON, TEXAS

*The State requests oral argument if appellant argues*

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/14/2015 8:46:00 AM
CHRISTOPHER A. PRINE
Clerk

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/14/2015 8:46:00 AM
CHRISTOPHER A. PRINE
Clerk

DeJESUS FOBBS,
APPELLANT
V.
THE STATE OF TEXAS,
APPELLEE

BRIEF FOR THE STATE

ON APPEAL FROM THE 356TH JUDICIAL DISTRICT COURT,
HARDIN COUNTY, TEXAS, CAUSE NUMBER 22,960,
THE HONORABLE STEVE THOMAS PRESIDING

Counsel of Record:

SUE KORIOTH, SBN# 11681975
SPECIAL PROSECUTOR, HARDIN COUNTY
    DISTRICT ATTORNEY'S OFFICE
P.O. BOX 600103
DALLAS, TEXAS 75360
suekorioth@aol.com
    (214) 384-3864

DAVID A. SHEFFIELD
HARDIN COUNTY DISTRICT ATTORNEY
P.O. BOX 1409
KOUNTZE, TEXAS 77625

(409) 246-5160
*fax* (409) 246-5142

**IDENTITY OF PARTIES AND COUNSEL**

APPELLANT: DeJesus Fobbs

APPELLANT'S TRIAL COUNSEL: Stella Morrison and
Bryan Laine

APPELLANT'S APPELLATE COUNSEL: Joel Bennett


APPELLEE: The State of Texas, through the Hardin County District Attorney

APPELLEE'S TRIAL COUNSEL: District Attorney David Sheffield
and Assistant District Attorneys Bruce Hoffer and Kendra Walters


APPELLEE'S APPELLATE COUNSEL:   District Attorney David A. Sheffield
and Special Prosecutor Sue Korioth, P.O. Box 600103, Dallas, Texas 75360

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . -ii-

TABLE OF AUTHORITIES.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -v-

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -1-

STATE'S COUNTERPOINT ONE
NO JURY INSTRUCTION REGARDING ARTICLE 38.23 WAS NECESSARY BECAUSE NO
FACTS ISSUES WERE RAISED IN REGARD TO THE ENCOUNTER BETWEEN APPELLANT AND
THE OFFICER; THE TRIAL COURT DID NOT ERR IN OMITTING AN UNNECESSARY AND
UNREQUESTED INSTRUCTION.

STATE'S COUNTERPOINT TWO
APPELLANT FAILED TO PRESERVE THIS COMPLAINT FOR REVIEW; THE TRIAL COURT
PROPERLY ADMITTED THE EVIDENCE OF THE K2, MARIJUANA, AND GUN BECAUSE THEY
WERE SAME TRANSACTION CONTEXTUAL EVIDENCE.

STATE'S COUNTERPOINT THREE
THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING STATE'S EXHIBIT 12B,
THE JUDGMENT IN CAUSE NUMBER 14,045.

STATE'S COUNTERPOINT FOUR
APPELLANT HAS FAILED TO PRESERVE HIS TRUE COMPLAINT, THAT THE TRIAL COURT
ERRONEOUSLY ADMITTED THE JUDGMENT IN 13,997. IN ANY EVENT,
THE EVIDENCE WAS SUFFICIENT TO PROVE APPELLANT WAS
PREVIOUSLY CONVICTED OF A FELONY IN CAUSE NUMBER 13,997. . . . . . . . . . . . -2-

STATEMENT OF PERTINENT FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

STATE'S COUNTERPOINT ONE , restated. . . . . . . . . . . . . . . . . . . . . . . . . . . -9-

STATE'S COUNTERPOINT TWO , restated.. . . . . . . . . . . . . . . . . . . . . . . . . . -11-

STATE'S COUNTERPOINT THREE, restated. . . . . . . . . . . . . . . . . . . . . . . .  -15-

STATE'S COUNTERPOINT FOUR, restated. . . . . . . . . . . . . . . . . . . . . . . .  -15-

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -23-

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -23-

Rule 9.4 Certificate of Compliance.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -23-

**TABLE OF AUTHORITIES**

**CASES**

*Allen v. State*,
  2015 WL 5076288 (Tex. App. - Houston [1st Dist.]Aug. 27, 2015, no pet. hist.)(not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-

*Devoe v. State*,
  354 S.W.3d 457 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . . . . . . -15-

*Flowers v. State*,
  220 S.W.3d 919 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . . . . -21-

*Garcia v. State*,
  367 S.W.3d 683 (Tex. Crim. App. 2012). . . . . . . . . . . . . . . . . . . . . . . . -20-

*Gomez v. State*,
  459 S.W.3d 651 (Tex. App.- Tyler 2015, pet. ref'd). . . . . . . . . . . . . . . . -21-

*Johnson v. State*,
  425 S.W.3d 344 (Tex. App. - Houston [1st Dist.] 2011, pet. ref'd). . . . . -14-

*Lane v. State,*
  151 S.W.3d 188 (Tex. Crim. App. 2004). . . . . . . . . . . . . . . . . . . . . . . . -14-

*Madden v. State,*
  242 S.W.3d 504 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . . . . . . . . . -10-

*Nolan v. State*,
  39 S.W.3d 697, 698 (Tex. App. - Houston [1st Dist] 2001, no pet.).. . . . -22-

*Pruitt v. State,*
  2015 WL 2090703, at *1 (Tex. App. - Texarkana May 5, 2015, no pet.) (Not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -22-

*Siros v. State,*
  No. 01-14-00288-CR, 2015 WL 3981774, at *7

(Tex. App. - Houston [1ˢᵗ Dist.]  June 30, 2015, no pet.)
(not designated for publication). . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-

*Thomas v. State*,
      ___ S.W.3d ___, 2015 WL 4101164, at *5
      (Tex. App. - Houston [1st Dist.] July 7, 2015, no pet.)
      (not yet reported).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -21-

## STATUTES

Tex. Code Crim. Proc. Article 38.23(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . -10-

Tex. Penal Code section 12.42(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . -20-, -22-

## RULES

Tex.R.App. P. 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -12-, -21-, -22-

NO. 01-15-00043-CR

DEJESUS FOBBS,
APPELLANT

V.

THE STATE OF TEXAS,
APPELLEE

TO THE HONORABLE COURT OF APPEALS:

Appellee, the State of Texas, respectfully submits this brief in reply to the brief of Appellant, Dejesus Fobbs.

## STATEMENT OF THE CASE

Appellant was convicted by a jury on his not-guilty plea of possession of cocaine in an amount of 4 grams or more, but less than 200 grams, enhanced by two prior sequential felonies, and the jury, having found that the enhancement paragraphs were true, assessed a sentence of confinement for ninety-nine years in TDCJ-ID. (CR: 131).

## STATE'S COUNTERPOINT ONE
NO JURY INSTRUCTION REGARDING ARTICLE 38.23 WAS NECESSARY BECAUSE NO FACTS ISSUES WERE RAISED IN REGARD TO THE ENCOUNTER BETWEEN APPELLANT AND THE OFFICER; THE TRIAL COURT DID NOT ERR IN OMITTING AN UNNECESSARY AND UNREQUESTED INSTRUCTION.

## STATE'S COUNTERPOINT TWO
APPELLANT FAILED TO PRESERVE THIS COMPLAINT FOR REVIEW; THE TRIAL COURT

-1-

PROPERLY ADMITTED THE EVIDENCE OF THE K2, MARIJUANA, AND GUN BECAUSE
THEY WERE SAME TRANSACTION CONTEXTUAL EVIDENCE.

## STATE'S COUNTERPOINT THREE
THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING STATE'S EXHIBIT
12B, THE JUDGMENT IN CAUSE NUMBER 14,045.

## STATE'S COUNTERPOINT FOUR
APPELLANT HAS FAILED TO PRESERVE HIS TRUE COMPLAINT, THAT THE TRIAL
COURT ERRONEOUSLY ADMITTED THE JUDGMENT IN 13,997. IN ANY EVENT,
THE EVIDENCE WAS SUFFICIENT TO PROVE APPELLANT WAS
PREVIOUSLY CONVICTED OF A FELONY IN CAUSE NUMBER 13,997

## STATEMENT OF PERTINENT FACTS

The State objects to those facts set out in appellant's brief which are unsupported by the record in this case.

The State's first witness was Travis Hartless, who at the time of this offense was a patrol officer with Silsbee Police Department. (RR6: 44). Hartless was working the night shift, 6 p.m. to 6 a.m., at the time of this offense; he explained that on-duty officers patroled the whole city and responded as needed. At the time of this offense, he had received information that there were auto burglaries occurring in the southern half of town. (RR6: 45-47). He was on routine patrol and went by 345 West Avenue L, because homeowner Clifford Briscoe and another nearby homeowner, Thomas Lacy, had asked for extra patrols due to the auto burglaries. (RR6: 48-49). As he drove by, he noticed an interior light on in a vehicle; it was 2:30 a.m. (RR6:

49). He turned his overhead "alley light" flood lights on, which shone sideways at the vehicle, and he could see someone moving around inside the vehicle. (RR6: 50-51). He got out and went to the vehicle to see why someone was in it at 2:30 in the morning, because he thought they might be rummaging through the console or glove box in the course of burglarizing the vehicle, because when he turned his overhead light on the vehicle, the person inside slumped down over the steering wheel. (RR6: 52).

Officer Hartless went straight to the driver's side window; he was being cautious because there was no doubt the person in the car knew he was behind them. (RR6: 52). As Hartless approached, the person inside popped open a newspaper, which Hartless believed was intended to obstruct his view inside the car. Hartless knocked on the glass, and the occupant lowered the window a few inches. (RR6: 53). As soon as the window was cracked open, Hartless asked "hey, what's going on?" (RR6: 53). As soon as he said it he became aware of the odor of burnt marijuana or what he believed to be marijuana. (RR6: 54). The officer had received training and had occasion during his work experience to smell marijuana on many occasions. (RR6: 54). He asked the man in the vehicle to step out in order to further investigate. When the man, whom the officer identified as appellant, stepped out, Hartless saw that he was several inches taller, and he recognized appellant from coming into

-3-

contact with him on prior occasions. (RR6: 54–55, 61). Hartless patted appellant down and handcuffed him, then placed him in the back seat of the patrol car. (RR6: 55-57). Hartless realized at that time that his body mike was not on, and he activated it. (RR6: 57). He went back to the vehicle and began searching it, based upon the odor of marijuana. (RR6: 57-58). When Hartless leaned into the driver's seat of the car, he saw two bags of what he recognized as "Kush" or "K2," which is synthetic marijuana. The bags were in the open console in plain view. (RR6: 62). Hartless did not open the packages at that time. (RR6: 62).

After all of this testimony, defense counsel objected to the officer's expertise to identify K2. He then asked to approach the bench and objected to further testimony about the K2, "reurging" his motion in limine. (RR6: 63-64). The State responded that the evidence was contextual, and the court overruled appellant's objection. (RR6: 64).

Hartless continued testifying that he found several bags of what he believed to be K2 around the center console and that he also found a baggie of marijuana. He then returned to the patrol car to search appellant more thoroughly to determine if he had more drugs hidden on his person. (RR6: 64-65). Hartless found $1802 in cash in appellant's left-front pant pocket, and a magazine for a gun, fully loaded, in his back-right pocket. He asked appellant where the gun was that went with the

magazine, but appellant responded that he did not have a gun. (RR6: 65-67). Before placing appellant back into the back seat of the patrol car, Hartless removed his cap, because in his training or experience Hartless was aware that narcotics are frequently hidden in the sweat band of a cap. (RR6: 67-68). When he removed the cap, he saw two bags of what appeared to be cocaine sitting on appellant's head. (RR6: 68). Hartless identified the bags of cocaine and photos he took of the cocaine he found; the photos were admitted as State's exhibits 5 and 6 after defense counsel advised the court he had "no objection." (RR6: 68-71).

Hartless testified that after finding the cocaine, he placed appellant under arrest and went back to the vehicle to make a search incident to arrest and an inventory of the vehicle. (RR6: 72-73). He found a Beretta handgun in between the passenger seat and the center console. When the State offered State's exhibit 4, a photo of the Beretta and two magazines, defense counsel objected "I would renew my same objection that we had earlier to Exhibit No. 4," which objection the trial court overruled. (RR6: 74-75). Hartless continued testifying at some length about collecting the gun, magazines, K2, and marijuana. (RR6: 75-78). Defense counsel did not make any further objection until the State tendered State's exhibit 3, a photo of the various items of contraband, at which time defense counsel objected that "these purpost to be extraneous offenses, and the relevance to this particular case is not

there. The pictures of the cocaine may be, but I'm just preserving . . . ." At that point, the court advised defense counsel "you have preserved that. No doubt. You've made it abundantly clear, and I respectfully overrule it." (RR6: 78-79).

On cross-examination, Officer Hartless agreed that he had not received a specific dispatch to that address on the night of the offense, and he agreed that he did not call out a physical evidence officer to take photos. Hartless testified that he did not take photos of the burnt marijuana which he saw during the search of the vehicle, nor did he collect the burnt marijuana. (RR6: 87-89).

Hartless explained that he did see the burnt end of a marijuana cigarette in an ashtray in the car. (RR6: 92).

Silsbee Police Officer James Shawn Blackwell next testified that he was assistant chief of police and evidence technician for the department. (RR6: 94-95). He retrieved State's exhibit 10, which he had taken to the Houston DPS crime lab and picked up again. (RR6: 95-96, 99).

Texas DPS forensic scientist Jennifer Johnson testified that she worked out of the Texas DPS Crime Lab in Houston. (RR6: 102-03). She explained the protocol for analysis of controlled substances. (RR6: 104-07). Defense counsel requested a hearing on his motion to suppress, which the court permitted outside the jury's presence. (RR6: 110). Defense counsel presented no witnesses on the motion to

suppress, but simply made various arguments against admission of the evidence obtained from appellant's vehicle and person. (RR6: 111-16). The court denied the motion to suppress, (RR6: 118), and Johnson then continued her testimony. She weighed and analyzed the two packages which the officer suspected were cocaine. The first package weighed 4.53 grams, and the second weighed 4.24 grams. (RR6: 121-22). She described her testing, which revealed that each packet contained cocaine. (RR6: 122-26). On cross examination, defense counsel asked Johnson whether she received for testing the other items from this offense, including K2 and marijuana. (RR6: 128-29). The State rested after Ms. Johnson's testimony. (RR6: 138).

Appellant called Carolyn Evans, who testified that she had lived in appellant's neighborhood for thirty years, that she was unaware of any recent up-tick in auto burglaries or residential burglaries. Evans testified, however, that she was "sort of a homebody" and did not pay much attention to things outside her house, and she did not know whether her neighbor Mr. Briscoe had complained to police about burglaries. (RR6: 149-54).

Pat Butler testified for appellant that she lived next door to him, that she had known him for "at least 30 years," and that she did not know anything about auto burglaries in the neighborhood. (RR6: 154-57). On cross-examination, she testified

that she worked "a difficult shift" and that she did not really know if appellant lived next door. (RR6: 159-61).

Appellant next called Yolanda Arline, who testified that she was appellant's mother and that he lived with her at the house in question. (RR6: 166-67). She claimed he was in the car at 2:30 that morning waiting to take her to dialysis. (RR: 167-68). She explained on cross-examination that her appointments are at 5 a.m. and that she has to leave at 4 or 4:15 a.m. to be there on time. (RR6: 169-70). She testified that Tom Lacy lived across the street from her but that she was not aware of his car being burglarized. (RR6: 181).

Jessie Coleman testified that he lived in appellant's neighborhood and had not heard of burglaries there. (RR6: 182-84). When he was asked about his prior felony convictions, he responded that he had two strokes "awhile back" and could not remember being convicted of felonies. (RR6: 185-86). On redirect by defense counsel, Coleman admitted that he had been in jail before and had felony convictions. (RR6: 188-89) The defense rested after Coleman's testimony, and the State called Tom Lacy in rebuttal. (RR6: 190).

Thomas Lacy testified that he lived across the street from appellant's mother and that before the date of this offense in May 2014 someone had burglarized his Suburban. Lacy worked for the sheriff's department, and he had talked to Officer

Hartless about the burglary. (RR6: 190-91). Lacy testified that he had talked to a neighbor, William Bass, as well and that Bass had also had a car burglarized. (RR6: 192-93). Lacy was the last witness at guilt-innocence.

## SUMMARY OF THE ARGUMENT

The State contends in response to appellant's first issue that no 38.23 instruction was necessary because there was no fact issue before the jury regarding any material fact relevant to the encounter between appellant and the officer.

In response to the second issue, the State contends that appellant failed to present error to this Court by failing to object each time the evidence in question was admitted; in any event, the evidence was admissible because the detention and arrest of appellant and discovery of contraband on his head under his hat would have been confusing to the jury without introduction of the facts leading up to discovery of the controlled substance.

In regard to appellant's third and fourth issues, the State contends that the trial court acted within its discretion in admitting the judgments in question.

### STATE'S COUNTERPOINT ONE , restated
NO JURY INSTRUCTION REGARDING ARTICLE 38.23 WAS NECESSARY BECAUSE NO FACTS ISSUES WERE RAISED IN REGARD TO THE ENCOUNTER BETWEEN APPELLANT AND THE OFFICER; THE TRIAL COURT DID NOT ERR IN OMITTING AN UNNECESSARY AND UNREQUESTED INSTRUCTION.

Appellant complains that the trial court failed to apply sufficiently the law set

out in Tex. Code Crim. Proc. Article 38.23(a) to the facts of this case,[1] although he concedes that he made no objection on this ground to the charge which was given, nor did he request any specific application paragraph. (RR6: 194-98). The State responds that because no fact issue was presented to the jury regarding the legality of the search and arrest of appellant, no instruction was required.

"A defendant's right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible." *Madden v. State,* 242 S.W.3d 504, 509-10 (Tex. Crim. App. 2007). The *Madden* Court explained,

> There are three requirements that a defendant must meet before he is entitled to the submission of a jury instruction under Article 38.23(a):
>     (1) The evidence heard by the jury must raise an issue of fact;
>     (2) The evidence on that fact must be affirmatively contested; and
>     (3) That contested factual issue must be material to the lawfulness of the challenged conduct in obtaining the evidence.

---

[1] Although appellant seems to contend in his brief that there was no application of article 38.23 to the facts, the trial court did give a general article 38.23(a) instruction, which also included a generic application: "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. *If you believe or have a reasonable doubt that the evidence was obtained in violation of these provisions, then and in such event, you shall disregard any such evidence so obtained.* [emphasis added]" (CR: 121).

-10-

*Madden v. State,* 242 S.W.3d at 510.

The Court further explained that "the disputed fact must be an essential one in deciding the lawfulness of the challenged conduct." *Madden,* 242 S.W.3d at 511. Appellant's complaints about the encounter between the officer and appellant merely point to absence of a video recording and the fact that the officer did not collect and preserve the burnt marijuana that he saw in the interior of the vehicle. Neither of these matters was in dispute, neither was "essential in deciding the lawfulness of the challenged conduct," and the trial court correctly resolved appellant's motion to suppress on the issues of law alleged.

### STATE'S COUNTERPOINT TWO , restated
APPELLANT FAILED TO PRESERVE THIS COMPLAINT FOR REVIEW; THE TRIAL COURT PROPERLY ADMITTED THE EVIDENCE OF THE K2, MARIJUANA, AND GUN BECAUSE THEY WERE SAME TRANSACTION CONTEXTUAL EVIDENCE.

Appellant complains that the trial court abused its discretion in admitting the officer's testimony about his detention and arrest of appellant and the search of the vehicle to the extent that it revealed that the officer smelled marijuana, saw it in the vehicle, saw and recovered baggies of K2, and found a gun in the car and an extra magazine on appellant's person. The State contends in response that appellant failed to preserve this issue for review, and in any event, the trial court did not abuse its discretion in admitting the evidence because the detention and seizure of cocaine

from under appellant's cap would make little sense had the officer not been able to relate the surrounding events.

Appellant failed to preserve error with his motion in limine. "A ruling on a motion in limine does not preserve error for review. See Tex.R.App. P. 33.1; *Wilson v. State,* 7 S.W.3d 136, 144 (Tex. Crim. App. 1999)." *Siros v. State,* No. 01-14-00288-CR, 2015 WL 3981774, at *7 (Tex. App. - Houston [1ˢᵗ Dist.] June 30, 2015, no pet.)(not designated for publication).

Similarly, whether it is categorized at waiver of error or harmless error, reversible error is not shown where, as here, the defendant does not object each time evidence of which he complains is offered. As set out above, the record in this case shows that testimony about the K2, the marijuana, and the gun was adduced from Officer Hartless without timely objections.

Hartless testified without objection that he smelled the odor of burnt marijuana or what he believed to be marijuana, (RR6: 54); that he went back to the vehicle and began searching it, based upon the odor of marijuana, (RR6: 57-58), and that when he leaned into the driver's seat of the car, he saw two bags of what he recognized as "Kush" or "K2," which is synthetic marijuana. The bags were in the open console in plain view. (RR6: 62). Only after all of this testimony did defense counsel object to the extent that he "reurged" his motion in limine. (RR6: 63-64).

Hartless continued testifying that he found several bags of what he believed to be K2 around the center console and that he also found a baggie of marijuana. He then returned to the patrol car to search appellant more thoroughly. (RR6: 64-65). Hartless found $1802 in cash in appellant's left-front pant pocket, and a magazine for a gun, fully loaded, in his back-right pocket. He asked appellant where the gun was that went with the magazine, but appellant responded that he did not have a gun. (RR6: 65-67). Before placing appellant back into the back seat of the patrol car, Hartless removed his cap, because in his training or experience Hartless was aware that narcotics are frequently hidden in the sweat band of a cap. (RR6: 67-68). When he removed the cap, he saw two bags of what appeared to be cocaine sitting on appellant's head. (RR6: 68).

Hartless testified that after finding the cocaine, he placed appellant under arrest and went back to the vehicle to make a search incident to arrest and an inventory of the vehicle. (RR6: 72-73). He found a Beretta handgun in between the passenger seat and the center console. Only when the State offered State's exhibit 4, a photo of the Beretta and two magazines, did defense counsel object that "I would renew my same objection that we had earlier to Exhibit No. 4," which objection the trial court overruled. (RR6: 74-75). Hartless continued testifying at some length about collecting the gun, magazines, K2, and marijuana. (RR6: 75-78). Defense counsel did

not make any further objection until the State tendered State's exhibit 3, a photo of the various items of contraband, at which time defense counsel objected that "these purport to be extraneous offenses, and the relevance to this particular case is not there. The pictures of the cocaine may be, but I'm just preserving . . . ." (RR6: 78). Defense counsel never requested a running objection to the testimony about the items of evidence which are the subject of this issue on appeal.

"Overruling an objection to evidence will not result in reversal when other such evidence was received without objection, either before or after the complained-of ruling. *Leday v. State,* 983 S.W.2d 713, 718 (Tex. Crim. App. 1998)." *Johnson v. State*, 425 S.W.3d 344, 346 (Tex. App. - Houston [1st Dist.] 2011, pet. ref'd); *and see Lane v. State,* 151 S.W.3d 188, 192-93 (Tex. Crim. App. 2004). Because Hartless referred to each of the complained-of items during his testimony without objection, no reversible error is presented.

In any event, the evidence of the marijuana, K2, the gun, and the gun magazine was same transaction contextual evidence and was admissible on that basis. As the Court of Criminal Appeals explains:

> Evidence of another crime, wrong, or act also may be admissible as same-transaction contextual evidence where "several crimes are intermixed, or blended with one another, or connected so that they form an indivisible criminal transaction, and full proof by testimony, ..., of any one of them cannot be given without showing the others." *Wyatt v.*

-14-

*State,* 23 S.W.3d 18, 25 (Tex. Crim. App. 2000) (quoting *Rogers v. State,* 853 S.W.2d 29, 33 (Tex. Crim. App. 1993)). The jury is entitled to know all relevant surrounding facts and circumstances of the charged offense. *Id.* But, under Rule 404(b), same-transaction contextual evidence is admissible only when the offense would make little or no sense without also bringing in that evidence, and it is admissible "only to the extent that it is necessary to the jury's understanding of the offense." *Id.* (quoting *Pondexter v. State,* 942 S.W.2d 577, 584 (Tex.Crim.App.1996)).

*Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011).

The jury was entitled to hear how appellant came to be in the back of the police vehicle and why the officer decided to lift his cap to look underneath it. The trial court did not abuse its discretion in admitting the complained-of testimony.

### STATE'S COUNTERPOINT THREE, restated
THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ADMITTING STATE'S EXHIBIT 12B, THE JUDGMENT IN CAUSE NUMBER 14,045

### STATE'S COUNTERPOINT FOUR, restated
APPELLANT HAS FAILED TO PRESERVE HIS TRUE COMPLAINT, THAT THE TRIAL COURT ERRONEOUSLY ADMITTED THE JUDGMENT IN 13,997. IN ANY EVENT, THE EVIDENCE WAS SUFFICIENT TO PROVE APPELLANT WAS PREVIOUSLY CONVICTED OF A FELONY IN CAUSE NUMBER 13,997

In his third and fourth issues, appellant complains that the trial court erred in admitting State's exhibit 12B because – appellant claims – it was not properly authenticated, and that State's exhibit 12A was insufficient to prove that his conviction in cause number 13,977 was for a non-state jail felony. The State contends that the trial court did not abuse its discretion in admitting State's exhibit

12B and that State's exhibit 12A was sufficient on its face to prove that appellant was convicted in that case of at least a third degree felony.

*Additional facts relevant to appellant's Third and Fourth Issues*

Jefferson County District Attorney's Investigator Deborah Beavers testified as a fingerprint expert at punishment to link appellant to records relating to his prior convictions. (RR7: 20). Appellant's rolled prints, State's exhibit 11, were admitted with "no objection." (RR7: 24). Beavers testified that she compared all of the prints on all of the judgments the State had on the day before her testimony to ensure that the same person's prints were on all of the documents. (RR7: 28). As the prosecutor began to question Beavers regarding State's exhibit 12, a packet of documents relating to appellant's conviction in cause number 13,997, defense counsel objected to admission of any document except the judgment revoking probation. (RR7: 31-32). The court stated it would permit the witness to make the identification from the entirety of State's exhibit 12 but that only the judgment would be admitted to the jury. (RR7: 32). Beavers then testified that she was able to compare both the thumbprint and index fingerprint of appellant on documents in State's exhibit 12 to the known prints in State's exhibit 11, and from her comparison she testified that the fingerprints in State's exhibit 12 belonged to appellant. (RR7: 33-34). State's exhibit 12A, the judgment revoking probation in Hardin County cause number 13,997, was admitted

over competing objections by appellant's two defense attorneys, who appeared not to be working toward the same objectives. (RR7: 35-36; RR8: 32-35). Beavers testified that the records in State's exhibit 12 reflected that appellant had originally received deferred adjudication for seven years and then received a confinement sentence of four years in the Texas Department of Criminal Justice. (RR7: 35-37).

Beavers next identified the prints in State's exhibit 13, relating to Hardin County cause number 15,158, as belonging to appellant, and the court admitted State's exhibit 13 over objection. (RR7: 38-44). After extensive testimony the court also admitted State's exhibit 14, the judgment in Hardin County cause number 14,201, a state jail felony conviction for delivery of a controlled substance. (RR7: 46-52, 89).

The State then had Beavers identify the judgment in State's exhibit 12B, which was the judgment revoking probation in a delivery of controlled substance case in Hardin County cause number 14,045, which was entered on the same date as the revocation judgment in cause number 13,997, State's exhibit 12A. (RR7: 52-56). Beavers affirmed that the two judgments cross-referenced each other and that each provided that the two sentences would run concurrently. (RR7: 53). The court admitted State's exhibit 12B, noting that "I'm going to admit 12B. I know what that is." (RR7: 56).

The faces of the two judgments reflect that the revocation judgments were entered in 13,997 and 14,045 on the same date – January 29, 1998 – in the same court, the 356th District Court of Hardin County, that each referenced the other cause number and each provided the sentence would run concurrently with the other case.

*Argument in response to appellant's Third Issue*

This Court has recently explained the law applicable to proof of a prior conviction for enhancement purposes:

> the State, to establish that appellant was, in fact, convicted of a prior felony offense, had to prove beyond a reasonable doubt (1) the existence of a prior conviction and (2) appellant's connection to the conviction. *Flowers [v. State*, 220 S.W.3d 919, 922–23 (Tex. Crim. App. 2007)}; see also Tex. Code Crim. Proc. Ann. art. 37.07, § (3)(a)(1) (Vernon Supp. 2014). Proof of a prior conviction does not require the production of a certified judgment. *Flowers*, 220 S.W.3d at 922 (noting no "best evidence" rule exists requiring proof of previous conviction with any document, "much less any specific document."). In *Flowers*, the court explained:
>> While evidence of a certified copy of a final judgment and sentence may be a preferred and convenient means, the State may prove both of these elements in a number of different ways, including (1) the defendant's admission or stipulation, (2) testimony by a person who was present when the person was convicted of the specified crime and can identify the defendant as that person, or (3) documentary proof (such as a judgment) that contains sufficient information to establish both the existence of a prior conviction and the defendant's identity as the person convicted.
>
> 220 S.W.3d at 921–22. . . .

> Regardless of the type of evidentiary puzzle pieces the State offers to establish the existence of a prior conviction and its link to a specific defendant, the trier of fact determines if these pieces fit together sufficiently to complete the puzzle." Id. at 923. If the two necessary elements "can be found beyond a reasonable doubt, then the various pieces used to complete the puzzle are necessarily legally sufficient to prove a prior conviction." Id.

*Allen v. State*, 2015 WL 5076288, at *12-13 (Tex. App. - Houston [1st Dist.]Aug. 27, 2015, no pet. hist.)(not designated for publication).

Appellant contends that the trial court abused its discretion in admitting State's exhibit 12B, the judgment in cause number 14,045. The State contends that the exhibit was properly admitted. Although State's exhibit 12B is not a certified copy, an exact and certified copy of this same judgment in cause number 14,042 is contained within the various pages of State's exhibit 12, which exhibit otherwise relates to cause number 13,997. (RR8: 28-31). It is unclear from this record whether or why there were, in fact, two separate copies of the 14,042 judgment, but it is clear that the trial court had the certified copy of this judgment before it as Beavers testified to it, and that certified copy for an unknown reason ended up attached to State's exhibit 12, which was dissembled upon the request of defense counsel so that only the final judgment and sentence in cause number 13,977 would be admitted before the jury. To the extent that appellant now claims that the trial court abused its discretion, the State contends that the trial court did not abuse its discretion in light

of the presence before it of a certified copy of the judgment, and in any event, appellant's substantial rights were not violated merely because the exhibit sticker for "12B" ended up on the uncertified copy of the judgment rather than the certified copy.

*Argument in response to appellant's Fourth Issue*

Appellant claims in his final issue that the evidence is insufficient to prove that the conviction alleged in the first enhancement paragraph, Hardin County cause number 13,997, was a felony conviction which could properly be used to enhance appellant's punishment under Tex. Penal Code section 12.42(d). Appellant contends that this Court should review sufficiency of the evidence to support the categorization of the prior conviction as a third degree felony using the standard set out in *Garcia v. State*, 367 S.W.3d 683 (Tex. Crim. App. 2012). The State contends, however, that the question asserted on appeal by appellant – whether the conviction in 13,997 was for a third degree felony or a state jail felony – was essentially a question of law for the trial court to resolve when the conviction was offered in evidence, not a question of fact for the jury to determine. The charge to the jury on punishment did not attempt to instruct the jury regarding proper code section numbers or classification of offenses as state jail felonies or third degree felonies. Rather, the charge presented to the jury the central punishment issues of "(1) the existence of a prior conviction

and (2) appellant's connection to the conviction." *Flowers v. State*, 220 S.W.3d 919, 922–23 (Tex. Crim. App. 2007), and the jury decided those factual issues.

The State contends that the issue this appellant is actually asserting is whether the trial court erred in permitting admission of the judgment to prove the prior conviction and whether the trial court erred in submitting the paragraph based upon this conviction to the jury. Appellant made no objection to the trial court regarding the issues now asserted, and the State contends that appellant waived any error by failing to make a timely and specific objection on the same basis now urged on appeal. Tex. R. App. P. 33.1; *see Thomas v. State*, ___ S.W.3d ___, 2015 WL 4101164, at *5 (Tex. App. - Houston [1st Dist.] July 7, 2015, no pet.)(not yet reported).

In any event, the trial court did not abuse its discretion in admitting the judgment as evidence of the conviction or in submitting the enhancement paragraph to the jury, because the evidence before the court was sufficient to establish that appellant was convicted in cause number 13,997 for a third degree felony, possession of cocaine in an amount of 1 gram or more, and any ambiguity or typographical error on the face of the judgment was susceptible to correction by nunc pro tunc judgment by the trial court – which was the convicting court for the prior conviction in cause number 13,997 as well as the case currently on appeal. *See, e.g., Gomez v. State*, 459

S.W.3d 651, 666 (Tex. App.- Tyler 2015, pet. ref'd). Any error in the statutory

section listed on the judgment did not affect the validity of the judgment, *see Pruitt*

*v. State*, 2015 WL 2090703, at \*1 (Tex. App. - Texarkana May 5, 2015, no pet.)(not

designated for publication); *Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App. - Houston

[1st Dist] 2001, no pet.), nor did it render the conviction ineligible for use under

article 12.42(d). The plea papers, indictment, and other information regarding cause

number 13,997 was omitted from the exhibit as it was admitted, State's exhibit 12A,

because the defense objected that it was not necessary and would be prejudicial to the

defense. Had the defense made its current complaint about errors in the judgment to

the trial court, the trial court could have corrected the judgment by entry of a nunc pro

tunc judgment or the State could have offered State's exhibit 12 for record purposes

only to satisfy appellant's concerns. Appellant should not now be permitted to recast

his complaint as one of sufficiency of the evidence and thereby avoid the

requirements of Tex. R. App. P. 33.1.

# CONCLUSION

WHEREFORE, PREMISES CONSIDERED, there being legal and competent evidence sufficient to justify the verdict and no error appearing in the record of the trial of this case, the State requests that this Honorable Court will affirm the judgment of the Trial Court below.

Respectfully submitted,           /s/Sue Korioth
                                  by Sue Korioth
David A. Sheffield                Special Prosecutor for Hardin County
Hardin County District Attorney   State Bar Card No. 11681975
P.O. Box 1409                     P.O. Box 600103
Kountze, Texas 77625              Dallas, Texas 75360
(409) 246-5160                    (214) 384-3864
                                  suekorioth@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Brief has been served on Joel Bennett, Attorney for Appellant, 1100 Nasa Parkway, Suite 302, Houston, Texas 77058, by depositing it in the United States Mail, Postage Prepaid, on this 12ᵗʰ day of September 2015, or by e-service, if available, to joel@searsandbennett.com.

/s/ Sue Korioth
Sue Korioth

## Rule 9.4 Certificate of Compliance

Using the Wordperfect 7 word count utility, I have determined that this document contains 5315 words, not including the "caption, identity of parties and

counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix." TRAP 9.4(I).

/s/ Sue Korioth